IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MITCHELL D. DAVIS,

                              Petitioner,

          v.                                    CASE NO. 05-3355-SAC

SAM CLINE, et al.,

                              Respondents.


# O R D E R

Petitioner proceeds pro se on a petition for writ of habeas corpus filed under 28 U.S.C. 2254, and has paid the $5.00 district court filing fee.  Having examined the record, the court finds the petition is subject to being dismissed as untimely filed.

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, imposed a one year limitation period on habeas corpus petitions filed by prisoners confined pursuant to a state court judgment.  28 U.S.C. 2244(d)(1).  The running of this one year limitation period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review within that one year period.  *See* 28 U.S.C. 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

In the present case, petitioner was convicted on state

criminal charges in 1994.  The AEDPA limitation period thus began running on April 24, 1996.  *See* Miller v. Marr, 141 F.3d 976 (10th Cir. 1998)(for pre-AEDPA conviction, prisoner had one year from April 24, 1996, to file habeas petition or to toll running of the limitation period).  More than a year later petitioner filed a state post-conviction motion, K.S.A. 60-1507, in February 2001.  Because the running of the AEDPA one year limitation period had clearly expired prior to petitioner's post-conviction filing, that state court action had no tolling effect.  *See* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for post-conviction relief filed after expiration of one-year limitations period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002).

Petitioner filed the instant petition on September 1, 2005, almost a year after the denial of relief in petitioner's post-conviction appeal, and well beyond the one year provided under 28 U.S.C. 2244(d)(1) for seeking habeas corpus relief under 28 U.S.C. 2254.  Thus on the face of the complaint, no statutory tolling under 28 U.S.C. 2244(d)(2) applies.  Absent equitable tolling of the limitation period, the petition is subject to being dismissed as time barred.

"AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances. Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from

2

timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.  Simple excusable neglect is not sufficient.  Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000)(quotation and citations omitted). Petitioner's allegations in the present case appear to fall far short of establishing either of these required showings.  The court thus directs petitioner to show cause why the petition for writ of habeas corpus should not be dismissed as time barred under 28 U.S.C. 2244(d)(1).

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 5th day of October 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

3